PROB 12
(Rev. 3/88)

ORIGINAL

# UNITED STATES DISTRICT COURT
## for
## NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 3 0 2005

LUTHER D. THOMAS, Clerk
By: Deputy Clerk

U. S. A. vs. FRED REED						Docket No. 1:05-CR-509-01-CAP

## PETITION FOR WARRANT AND ORDER TO SHOW CAUSE
## WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED

COMES NOW Constance C. Tumlin PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of FRED REED who was placed on supervision for the offenses of two (2) counts of Mail Fraud, 18 U.S.C. § 1341, 18 U.S.C. § 2; 18 U.S.C. § 1343, 18 U.S.C. § 2, by the Honorable BERNICE B. DONALD sitting in the court at Memphis, on the 18th day of February, 2000 who fixed the period of supervision at thirty-six (36) months, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

The defendant shall report to the probation office in the district in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance.

While on supervised release, the defendant shall not possess a firearm of destructive device.

If this judgement imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of the judgement.

Special Assessment of $200.00.

RESTITUTION of $4,965.50, the total restitution shall be due in installments to commence 30 days after the date of this judgement. If this judgement imposes a period of incarceration, payment shall be due during the period of incarceration. During a period of probation or supervised release supervision, payment shall be a condition of supervision and the U. S. Probation Officer shall establish and may periodically modify the payment schedule provided that the entire financial penalty is paid no later than the termination of supervision but in no event later than 5 years after release from incarceration.

*JURISDICTION TRANSFERRED TO THE NORTHERN DISTRICT OF GEORGIA, OCTOBER 31, 2005, assigned to the Honorable Charles A. Pannell, Jr.*

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**FAILURE TO PAY RESTITUTION:** Mr. Reed was directed to pay $200.00 monthly, commencing January 2005. He has paid $375.00 toward restitution. He is in arrears $1,800.00. The balance owed is $4,540.50.

**FAILURE TO REPORT and FAILURE TO SUBMIT MONTHLY REPORTS,** in violation of Standard Condition Number 2 which states: The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

Mr. Reed failed to report April 12, April 25, May 17, May 23, June 14, June 21, July 19, July 28, August 8, August 16, August 25, August 30, September 17, September 29, October 27, October 31, and November 3, 2005.

REED, Fred
Page 2
Docket Number 1:05-CR-509-01-CAP

Mr. Reed has failed to submit monthly reports for the months of April, May, June, July, August, September, October and November 2005.

**FAILURE TO WORK,** in violation of Standard Condition Number 5 which states: The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

Fred Reed has not worked or provided verification of employment since on or about May 23, 2005.

**FAILURE TO REPORT CHANGE OF EMPLOYMENT,** in violation of Standard Condition Number 6 which states: The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

Mr. Reed failed to report that he was terminated from employer of record and/or that he changed employers, on or about May 23, 2005.

**FAILURE TO PERMIT PROBATION OFFICER TO VISIT** in violation of Standard Condition Number 10 which states: The defendant shall permit a probation officer to visit him at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

Mr. Reed failed to meet with the probation officer for a scheduled home visit on May 24, 2005.

PRAYING THAT THE COURT WILL ORDER a warrant issued for said FRED REED and that FRED REED be brought back before the Court at Atlanta, Georgia, to show cause why Supervised Release heretofore entered should not be revoked.

ORDER OF COURT

Considered and ordered this __29__ day of __Nov__, __05__

and ordered filed and made a part of the records in the above case.

_____
Honorable CHARLES A. Pannell, Jr.
United States District Court Judge

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

_____
Constance C. Tumlin
Sr. U. S. Probation Officer

Place:   Atlanta, Georgia

Date:    November 10, 2005

_____
Phillip N. Burgest
Supervising U. S. Probation Officer

FAO442 (Rev. 5/93)

# UNITED STATES DISTRICT COURT
## Northern District of Georgia

## WARRANT FOR ARREST

**UNITED STATES OF AMERICA**
    v.
**FRED REED**
                                Case Number: 1:05-CR-509-01-CAP

To: The United States Marshal
     and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest FRED REED and bring him forthwith to the nearest magistrate judge to answer a:

☐ Information    ☐ Complaint    ☐ Order of Court    ☐ Violation Notice    ■ Supervised Release Violation Petition

charging him with:

Failure to report; Failure to submit monthly reports; Failure to pay restitution; Failure to report change of employment; in violation of Title 18 United States Code, Section 3606.

Signature of Issuing Officer:

_[signature]_                             29 Nov 05           Atlanta
Honorable Charles A. Pannell, Jr.               Date                Location
U. S. District Court Judge

Bail fixed at $ _____ By _____
                                                 Name of Judicial Officer

### RETURN

This warrant was received and executed with the arrest of the above-named defendant at

| DATE RECEIVED | NAME/TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |