UNITED STATES DISTRICT COURT

for

NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

MAR - 1 2006

LUTHER D. THOMAS, Clerk
By: *signature*
Deputy Clerk

U. S. A. vs. FRED REED                    Docket No. 1:05-CR-509-01-CAP

### PETITION FOR WARRANT AND ORDER TO SHOW CAUSE
### WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED

COMES NOW Constance C. Tumlin PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of FRED REED who was placed on supervision for the offenses of two (2) counts of Mail Fraud, 18 U.S.C. § 1341, 18 U.S.C. § 2; 18 U.S.C. § 1343, 18 U.S.C. § 2, by the Honorable BERNICE B. DONALD sitting in the court at Memphis, on the 18th day of February, 2000 who fixed the period of supervision at thirty-six (36) months, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

The defendant shall report to the probation office in the district in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance.

While on supervised release, the defendant shall not possess a firearm of destructive device.

If this judgement imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of the judgement.

Special Assessment of $200.00.

RESTITUTION of $4,965.50, the total restitution shall be due in installments to commence 30 days after the date of this judgement. If this judgement imposes a period of incarceration, payment shall be due during the period of incarceration. During a period of probation or supervised release supervision, payment shall be a condition of supervision and the U. S. Probation Officer shall establish and may periodically modify the payment schedule provided that the entire financial penalty is paid no later than the termination of supervision but in no event later than 5 years after release from incarceration.

*JURISDICTION TRANSFERRED TO THE NORTHERN DISTRICT OF GEORGIA, OCTOBER 31, 2005, assigned to the Honorable Charles A. Pannell, Jr.*

REED, Fred
Page 2
Docket Number 1:05-CR-509-01-CAP

## *REVOCATION HEARING RESULTED IN SENTENCE MODIFICATION ON JANUARY 12, 2006, TO INCLUDE THE FOLLOWING:*

1. The defendant shall participate in the drug/alcohol treatment program as directed by the United States Probation Officer and if able, contribute to the cost of services for such treatment.

2. The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

3. The defendant shall not incur new credit charges or open additional lines of credit without approval of the Probation Officer.

4. The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

5. The defendant shall within three weeks pay $2,000.00 toward unpaid restitution and monthly payments thereafter of 25% of any gross monthly income.

6. Pursuant to 42 U.S.C. 14135 A (d) and 10 U.S.C. 1565 (a), which requires mandatory DNA testing for Federal Offenders convicted of felony offenses, the defendant shall cooperate in the DNA collection as directed by the Probation Officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**A. FAILURE TO PARTICIPATE IN DRUG/ALCOHOL TREATMENT,** in violation of Modified condition Number 1 which states: The defendant shall participate in the drug/alcohol treatment program as directed by the United States Probation Officer and if able, contribute to the cost of services for such treatment.

Mr. Reed failed to participate in drug treatment by failing to report for treatment placement.

Mr. Reed refused to submit to drug testing on February 15, 2006.

**B. FAILURE TO PAY RESTITUTION of $4,965.50, ,** in violation of Modified Condition Number 5 which states: The defendant shall within three weeks pay $2,000.00 toward unpaid restitution and monthly payments thereafter of 25% of any gross monthly income.

Mr. Reed was directed to pay $2000.00 within three weeks from January 12, 2006 (or by February 3, 2006), and has paid nothing. The current balance is $4,540.50.

C. **COMMISSION OF NEW CRIMINAL OFFENSES,** in violation of General Condition which states: While on supervised release, the defendant shall not commit another federal, state, or local crime.

Mr. Reed committed the subsequent offenses of Obstruction of Government Operation and False Information to Law Enforcement Officer on February 14, 2006, in Butler County, Alabama.

D. **POSSESSION OF A FIREARM,** in violation of General Condition and Modified Condition which states: The defendant shall not own, possess or have under control any firearm, dangerous weapon or other destructive device.

On February 14, 2006, in Butler County, Alabama, Fred Reed was in possession and/or had under his control two (2) firearms.

E. **POSSESSION/USE OF ILLEGAL DRUGS,** in violation of General Condition which states: While on supervised release, the defendant shall not illegally possess a controlled substance, and in violation of Standard Condition Number 7 which states: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician.

On February 14, 2006, Fred Reed stated to an Alabama State Trooper that he had been "hitting on ice" earlier in the day. Mr. Reed was also in possession of drug paraphernalia on February 14, 2006.

F. **FAILURE TO OBTAIN PERMISSION TO LEAVE THE JUDICIAL DISTRICT,** in violation of Standard Condition Number 1, which states: The defendant shall not leave the judicial district without the permission of the court or probation officer.

On February 14, 2006, Mr. Reed was in Butler County, Alabama. He did not have permission to leave the district.

G. **FAILURE TO REPORT and FAILURE TO SUBMIT MONTHLY REPORTS,** in violation of Standard Condition Number 2 which states: The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

Mr. Reed failed to report on January 17, 2006.

Mr. Reed failed to submit the monthly report for January 2006.

H. **FAILURE TO WORK,** in violation of Standard Condition Number 5 which states: The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

Fred Reed has not worked or provided verification of employment.

REED, Fred
Page 4
Docket Number 1:05-CR-509-01-CAP

I. **FAILURE TO REPORT CHANGE OF ADDRESS**, in violation of Standard Condition Number 6 which states: The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

Mr. Reed has not been at the address of record since on or before January 31, 2006. His whereabouts have not been known.

J. **CRIMINAL ASSOCIATION**, in violation of Standard Condition Number 9 which states: The defendant shall not associate with any person engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

Mr. Reed and Daniel Gregory Fralick, a convicted felon, were engaged in criminal activity on February 14, 2006, in Butler County, Alabama. Daniel Gregory Fralick was convicted of Armed Bank Robbery and Use of a Firearm in a Crime of Violence, on August 25, 1998, in U. S. District Court for the Southern District of Alabama.

PRAYING THAT THE COURT WILL ORDER a warrant issued for said FRED REED and that FRED REED be brought back before the Court at Atlanta, Georgia, to show cause why Supervised Release heretofore entered should not be revoked.

ORDER OF COURT

Considered and ordered this __17__ day of __Feb__, __2006__ and ordered filed and made a part of the records in the above case.

_____
Honorable CHARLES A. Pannell, Jr.
United States District Court Judge

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

_____
Constance C. Tumlin
Sr. U. S. Probation Officer

Place: Atlanta, Georgia

Date: February 15, 2006

_____ 2/16/06
Phillip N. Burgest
Supervising U. S. Probation Officer